## EDNA WEERSING v. BENJAMIN WEERSING.[1]

July 6, 1917.

Nos. 20,373—(195).

**Divorce — alimony.**

The statute (G. S. 1913, § 7128), providing that the aggregate award to the wife shall not exceed in present value one-third of the personal estate, earnings and income of her husband and one-third in value of his real estate, construed not to mean net value. Hence, unsecured debts need not be taken into account in finding this value. [Reporter.]

Action in the district court for Chisago county for divorce and alimony. The case was tried before Nethaway, J., who made findings and as conclusions of law granted the divorce and awarded plaintiff permanent alimony in the sum of $1,221. Defendant's motion for amended findings was granted in part and denied in part. From that part of the order which denied his motion for amended findings and conclusions of law or for a new trial, defendant appealed. Affirmed.

*Wilson & Thoreen*, for appellant.

*Howard D. Blanding* and *C. S. Williams*, for respondent.

PER CURIAM.

The plaintiff obtained a decree of divorce awarding her permanent alimony. The defendant appeals. The only question is upon the propriety of the award of alimony.

The statute provides in substance that if the estate restored to the wife is insufficient for the support of herself and children "the court may further order and decree to her such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable" etc.; that it may also decree "such alimony out of the estate, earnings and income of the husband as it may deem just and reasonable," etc.; and it further provides that "the aggregate award and allowance made to the wife from the estate of the husband under this section shall

[1]Reported in 163 N. W. 658.

not in any case exceed in present value one-third of the personal estate, earnings and income of the husband, and one-third in value of his real estate." G. S. 1913, § 7128.

The defendant's assets are:

| | |
|---|---:|
| Real estate | $3,500 |
| Personal property | 1,500 |
| | $5,000 |

His liabilities are:

| | |
|---|---:|
| Secured debts | $1,335 |
| Unsecured debts | 1,962.31 |
| | $3,297.31 |

The court awarded the plaintiff permanent alimony of $1,221. The question is whether this amount exceeds one-third in value of his real and personal property. It does if all the debts are deducted in determining value. It does not, if only the secured debts are deducted. We are of the opinion that only the secured debts are to be deducted and this was the view of the trial court. The statute refers to one-third in value of the personal estate and one-third in value of the real estate. It does not say that in finding this value account must be taken of unsecured debts, that is, it does not say one-third of net value.

We find no construction of a similar statute and that which we adopt is of first impression. It may in particular instances involve hardship but so will any other.

An allowance of $25 per month was made for the support of the children. No complaint is made of this. No award for permanent alimony was made out of the defendant's earnings.

Order affirmed.